UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:21-cv-10158-RGS

|  |  |
|---|---|
| ANTONIO LARDE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| COMMONWEALTH ZOOLOGICAL CORPORATION, ROBERT CHABOT and JENNIFER CANE, | ) ) ) ) |
| Defendants. | ) ) ) |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

Plaintiff Antonio Larde ("Plaintiff") and Defendants Commonwealth Zoological Corporation d/b/a Zoo NE ("Zoo New England" or "Zoo" or "ZNE"), Robert Chabot ("Mr. Chabot") and Jennifer Davis Cain, improperly named Jennifer Cane ("Ms. Davis Cain"), (collectively "Defendants"), hereby stipulate that they have agreed to the following provisions of this Confidentiality Agreement and Stipulated Protective Order. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following order to facilitate discovery in this litigation, particularly the exchange of documents, things, information, testimony, and other evidence that the parties consider confidential, private and/or sensitive information.

IT IS HEREBY STIPULATED that:

1. All documents produced by either party in this action will be used solely for purposes of this action while pending and for no other purpose.

2. Neither party will file with the Court or place into the public realm any documents that contain CONFIDENTIAL INFORMATION. For purposes of this stipulation

and agreement, CONFIDENTIAL INFORMATION is defined as:

a) The names of, or any identifying information including addresses, phone numbers, SSNs, any ZNE employees from October 28, 2014 to present;

b) Work performance information of any ZNE employee, including evaluations, reviews, rankings, ratings, feedback, or discipline;

c) The records of all bonuses or raises paid to all ZNE employees, including the amounts paid to each employee and the date(s) paid;

d) The names of or identification of any ZNE employees that have been denied pay raises, whether performance-related or otherwise;

e) The names of or identification and reasons for any involuntary termination issued by ZNE to any employees;

f) The names of or identification of individual(s), including information related to whether the employee was known to have a disability, their race and the compensation received (split out by both annual compensation and hourly rate);

g) Any and all documents concerning Plaintiff's medical information, including:

   i. The name of or identification of every medical provider from whom Plaintiff have received medical advice or treatment, or sought medical advice or treatment, from May 1, 2012 to May 15, 2017;

   ii. Information related to the Plaintiff's consultation with a medical provider including but not limited to receiving treatment for: 1) hypertension and 2) disability-related panic attack(s), as well as the specific diagnosis and all recommended treatment(s).

   iii. Documentation of any medical diagnosis, including hypertension, disability-related panic attacks, Post-Traumatic Stress Disorder ("PTSD"), orbital

      contusion, shoulder injury, and all recommended treatments related to these or any other diagnosis.

      iv. Documentation related to the disability and emotional distress that Plaintiff alleges was attributed to by the termination and all recommended treatment records.

h) The medical advice and/or treatment received by Plaintiff due to Plaintiff's mental health or any other form of emotional well-being, including the date(s) of treatment, the provider(s), and location(s) that medical advice or treatment was provided, as well as any recommended treatment(s).

Any such documents shall refer to individual third parties by initials only, and anydocuments attached as exhibits will be redacted to show initials only.

3. Until or unless the Court rules otherwise, material marked or otherwise designated Confidential Information shall be maintained in confidence by any person to whom suchmaterial is produced and shall not be disclosed to any third-party without the express written consent or consent on the record of the producing party.

4. Recipients of Confidential Information. Confidential Information may only be disclosed to the following persons:

a) The Court;

b) The attorneys of record for the Parties;

c) Staff of the attorneys of record for the Parties, including secretaries, paralegals, law clerks, and similar persons working under the supervision of the attorneys of record;

d) Independent experts or consultants, retained by any attorneys of record to render technical or expert advice or to give testimony in this action (hereinafter "Independent Experts");

e) The Parties; and

f) Witnesses, either by deposition or trial testimony, who may be shown and questioned about the Confidential Information and whose testimony as well as the information attached or submitted as exhibits, shall remain subject to this Stipulated Protective Order.

g) Court Reporters and Recorders. Court reporters and recorders engaged for depositions.

h) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents.

i) Deponents: Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure.

j) Insurers. The parties' insurers to this action, and their staff and assistants, members, officers, board members, directors and other legal representatives.

k) Mediator and arbitrators: any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this action and members of the arbitrator's or mediator's staff and assistants.

l) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6. <u>Filing with the Court</u>. All Confidential Information filed with the Court, or any pleading or memorandum that includes or purports to reproduce or paraphrase any Confidential Information, shall be filed only in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the

nature of its contents, the word "CONFIDENTIAL," and a statement substantially in the following form:

> CONFIDENTIAL.  Filed pursuant to Stipulated Protective Order. Not to be opened or the contents thereof displayed or revealed, except by Order of the Court or pursuant to written stipulation of the parties to this action.  This envelope shall not be opened without Order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container.

7. <u>Use of Confidential Information</u>. The parties and their counsel who receive Confidential Information shall act to preserve the confidentiality of designated documents and information.  Confidential Information disclosed pursuant to this Protective Order shall not be used other than for the purposes of this action and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this stipulated Order and agreement.  The attorneys of record for the Parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulation and Order.

8. <u>Non-Waiver by Inadvertent or Unintentional Disclosure.</u> Inadvertent or unintentional production of documents containing information that should have been marked "Confidential" shall not be deemed a waiver in whole or in part of the producing Party's claim of protection or confidentiality, so long as the producing Party, promptly after discovery of the inadvertent or unintentional production, notifies the other Party or Parties of the claim of protection or confidentiality.  Upon such notice, the other Party or Parties shall provide in writing that the inadvertently or unintentionally produced documents, and all copies thereof, have been destroyed.  The producing Party shall within fourteen days of such notice provide identical properly marked documents.

9. Notwithstanding the above, any party or third-party witness may be shown at a depositionor examine any document if it appears from the face of the document that the

witness authored or already received a copy of it.

10. At the conclusion of this case, counsel will return all copies of documents produced or certify under oath that all such copies have been destroyed. However, counsel may retainone copy of the document productions that is maintained in counsel's case file.

Respectfully submitted,

| Plaintiff Antonio Larde, | Defendants Commonwealth Zoological Corporation, Robert Chabot and Jennifer Davis Cain (improperly named Jennifer Cane), |
|---|---|
| By his attorneys, | By their attorneys, |
| /s/ Trevor R. Brice (with permission) | /s/ Margaret R. Stolfa |
| Trevor R. Brice, Esq.<br>Benjamin J. Wyatt, Esq.<br>Michael Varraso, Esq.<br>The Law Offices of Wyatt & Associates, P.L.L.C.<br>17 Elm Street, Suite C211<br>Keene, NH 03431<br>Trevor@wyattlegalservices.com<br>BWyatt@Wyattlegalservices.com<br>mvarraso@wyattlegalservices.com | Margaret R. Stolfa, BBO #559864<br>mstolfa@grsm.com<br>(857) 504-2025<br>Erin M. Dwyer-Frazier, BBO #678695<br>edwyerfrazier@grsm.com<br>(857) 504-6112<br>Gordon Rees Scully Mansukhani, LLP<br>21 Custom House Street, 5th Floor<br>Boston, MA 02110 |

DATED: October 15, 2021

**IT IS SO ORDERED:**

Date: 10-18-21

*Richard G. Stearns*
U.S. DISTRICT COURT JUDGE

### CERTIFICATE OF SERVICE

I, Margaret R. Stolfa, hereby certify that the foregoing was served on counsel of record via ECF filing this 15th day of October, 2021.

/s/ Margaret R. Stolfa
_____
Margaret R. Stolfa

6